# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## [WESTERN DIVISION]

| | |
|---|---|
| STRONG TRADING INC., a California Corporation,<br>　　　　Plaintiff,<br>vs.<br>UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation,<br>　　　　Defendants.<br><br>AND RELATED COUNTER-CLAIM. | CASE NO. 2:21-cv-04206-RGK-PVC<br>[Assigned to Honorable R. Gary Klausner]<br><br>**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**<br><br>ACTION FILED: 05/19/2021<br>TRIAL DATE:　　06/14/2022 |

　　I certify that the attached judgment is a copy of a judgment entered by this court on October 14, 2022.

　　I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court.

Date: DEC 2 2 2022

CLERK OF THE COURT

_____1174
Signature of Clerk or Deputy Clerk
RENICO SMITH

1

CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA [WESTERN DIVISION]

| | |
|---|---|
| STRONG TRADING INC., a California Corporation,<br>　　　　　Plaintiff,<br>vs.<br><br>UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation,<br>　　　　　Defendants. | CASE NO. 2:21-cv-04206-RGK-PVC<br>[Assigned to Honorable R. Gary Klausner]<br><br>**AMENDED JUDGMENT** TRIAL<br><br>DATE: June 15, 2022 |
| UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation,<br>　　　　　Counter-Claimant,<br>vs.<br><br>STRONG TRADING INC., a California Corporation, and KURT CHEN, an Individual,<br>　　　　　Counter-Defendants. | |


I hereby attest and certify on DEC 22
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK
RENICO



1175

---

1

**AMENDED JUDGMENT**

This action came on for jury trial on June 15, 2022, the Honorable R. Gary Klausner, District Judge presiding. The issues having been duly tried; the Court having dismissed for insufficient evidence Defendant and Counter-Claimant UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS' (1) First Amended Counter-Claim against Counter-Defendant KURT CHIEN, (2) First Amended Counter-Claim's Third Cause of Action for Fraud against all Counter-Defendants, (3) First Amended Counter-Claim's claim for punitive damages against all Counter-Defendants, and (4) affirmative defenses of unclean hands and waiver in its Answer to the Complaint; and the jury having rendered its verdict,

IT IS ORDERED AND ADJUDGED as follows:

1. Plaintiff STRONG TRADING INC. recover of Defendant UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS the sum of $369,441.12, plus prejudgment interest in the amount of $70,578.51, for a total in the amount of $440,019.63, with interest thereon at the rate of 2.86 percent as provided by law.

2. Counter-Claimant UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS take nothing on its First Amended Counterclaim.

3. Plaintiff and Counter-Defendant STRONG TRADING INC. and Counter-Defendant KURT CHIEN recover of Defendant and Counter-Claimant UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS their costs of action, taxed in the sum of $5,715.53.

DATED: **OCTOBER 14, 2022**

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## [WESTERN DIVISION]

| | |
|---|---|
| STRONG TRADING INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIQUE DESIGNS, INC. DBA SDIL / KIRAN JEWELS, a New Jersey Corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTER-CLAIM. | CASE NO. 2:21-cv-04206-RGK-PVC<br>[Assigned to Honorable R. Gary Klausner]<br><br>**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**<br><br>ACTION FILED: 05/19/2021<br>TRIAL DATE:    06/14/2022 |

I certify that the attached judgment is a copy of a judgment entered by this court on October 4, 2022.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court.

Date: DEC 2 2 2022

CLERK OF THE COURT

_____
Signature of Clerk or Deputy Clerk
RENICO SMITH     1174

---

CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04206-RGK-PVC | | Date | October 4, 2022 |
|---|---|---|---|---|
| Title | ***Strong Trading Inc. v. Unique Designs, Inc.*** | | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(IN CHAMBERS) Order Re: Plaintiff's Motion for Attorney's Fees [DE 124]**

## I. INTRODUCTION

On May 19, 2021, Strong Trading, Inc. ("Plaintiff") filed a Complaint against Unique Designs, Inc. ("Defendant") for breach of a jewelry sales contract. (*See* Compl., ECF No. 1.) Defendant counterclaimed for breach of the same contract, as well as for breach of the implied warranty of merchantability and for fraud. (Def.'s First Am. Countercl. ("FACC"), ECF No. 41.) After a three-day trial, a jury found Defendant liable for $369,441.12 in damages for breach of contract and found Plaintiff not liable for breach-of-contract or breach-of-implied warranty of merchantability.[1]

Presently before the Court is Plaintiff's Motion for Attorney's Fees ("Motion"). (ECF No. 124.) For the following reasons, the Court **GRANTS in part** the Motion.

## II. FACTUAL BACKGROUND

These facts summarize the case Plaintiff presented at trial:

Plaintiff and Defendant are both in the jewelry trading business. The two parties entered into a contract titled "New Customer Purchase Order & Payment Terms" on October 10, 2017 (the "Contract"), wherein Defendant agreed to purchase jewelry from Plaintiff. (*See* Compl., at 2.) After a dispute over the quality of certain items of jewelry, Defendant stopped paying Plaintiff for the jewelry it had ordered. (*Id.* at 3.) By the time Plaintiff filed suit, Defendant owed $369,441.12. (*Id.*) Defendant

---

[1] The Court *sua sponte* dismissed Defendant's fraud counterclaim, finding that Defendant had presented insufficient evidence. (*See* Minutes of Jury Trial-2nd Day at 2, ECF No. 104.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | Date | October 4, 2022 |
|---|---|---|---|
| Title | ***Strong Trading Inc. v. Unique Designs, Inc.*** | | |

subsequently filed its answer and First Amended Counterclaim against Plaintiff, alleging breach of contract, breach of implied warranty of merchantability, and fraud. (FACC at 4-9.) Defendant also sought nearly $16,700,000.00 in damages from Plaintiff. (York Decl. ¶2, ECF No. 124.) A jury trial was held on June 15, 2022, and after three days the jury returned a verdict in favor of Plaintiff to recover the outstanding $369,441.12. (Judgment at 2, ECF No. 121.) The Court also dismissed Defendant's fraud counterclaim against Plaintiff and the jury found in Plaintiff's favor on the remaining counterclaims. (*Id.*)

### III. JUDICIAL STANDARD

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257. If such authority exists, the district court determines the reasonable fee award based on the lodestar amount and, where necessary, an appropriate award multiplier. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). Under California law, if a contract provides for attorney's fees, recovery of a reasonable fee award is proper. *Harris v. Wachovia Mortgage*, 185 Cal. App. 4th 1018, 1027 (2010).

### IV. DISCUSSION

Plaintiff seeks $601,825.00 in attorney's fees as the prevailing party in this litigation. The Contract provides that "if a lawsuit or prejudgment Attachment proceeding is instituted by our attorneys, BUYER agrees to pay actual attorney's fees incurred." (Compl., Ex. A at 9.) Thus, Plaintiff is clearly entitled to at least some award of attorneys' fees, a fact Defendant does not dispute. Rather, Defendant contends that Plaintiff's requested fees are unreasonable.

To determine whether a claim for attorney's fees is reasonable, the Court uses the lodestar calculation, which is the "product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. There is a "strong presumption" that the lodestar represents a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The amount of fees to be awarded is ultimately within the trial court's discretion. *Hensley*, 461 U.S. at 437.

The Court begins with an analysis of the reasonableness of Plaintiff's requested hourly rates, then proceeds to Plaintiff's requested hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04206-RGK-PVC | | Date | October 4, 2022 |
|---|---|---|---|---|
| Title | *Strong Trading Inc. v. Unique Designs, Inc.* | | | |

### A. Reasonableness of Hourly Rate

A plaintiff must submit sufficient evidence demonstrating that the requested rates are comparable to those in the relevant community for similar services. *Andrews v. Equinox Holdings, Inc.*, 570 F. Supp. 3d 803, 808 (N.D. Cal. 2021). The relevant community is the district in which the court sits. *In re Toys "R" Us-Del., Inc. – Fair and Accurate Credit Transaction Act (FACTA) Litig.*, 259 F.R.D. 438, 463 (C.D. Cal. 2014). If a party does not meet its demonstrative burden for the requested hourly rates, the court may use its discretion to determine reasonable hourly rates "based on its experience and knowledge of prevailing rates in the community." *Id.*

In his declaration supporting the Motion, Plaintiff's attorney Michael York ("York") has stated that he, Kathleen Alparce ("Alparce"), and Jessica Crabbe ("Crabbe") provided most of the work in connection with this case. (York Decl. at ¶ 4.) York also stated that they have been practicing for over 42 years, 18 years and 13 years respectively, and that all three attorneys billed the same hourly rate of $450.00. (*Id.*) York states that $450.00 is "no more and perhaps even less than the prevailing rates charged by other attorney s with similar practices and experience." (*Id.*) York has not provided further evidence outside of his own affidavit demonstrating that $450.00 is a reasonable rate. While all of the attorneys on the case have been practicing for a significant amount of time, this alone will not demonstrate that the billed rates were reasonable. However, the Court, based on a survey of cases in this District, finds $450.00 to be a reasonable hourly rate. *See Netlist Inc. v. Samsung Electrs. Co.*, 2022 WL 2712589, at *19 (C.D. Cal. June 13, 2022) (approving attorney's fees ranging from $845.00 to $1,060.00 in a breach-of-contract litigation); *see also Bentley v. United of Omaha Life Ins. Co.*, 2020 WL 3978090, slip op. (C.D. Cal. Mar. 13, 2020) (approving attorneys' hourly rates ranging from $420.00 to $975.00 in breach-of-contract litigation); *accord Citrus El Dorado LLC v. Stearns Bank*, 2016 WL 7626583 (C.D. Cal. Apr. 18, 2016) (approving attorneys' hourly rates ranging from $350.00 to $450.00 in breach-of-contract case).[2]

### B. Reasonableness of Hours Expended

Defendant argues the total hours billed are unreasonable on several grounds. Specifically, Defendant argues that Plaintiff: (1) includes fees for an unnamed attorney; (2) improperly asks for fees associated with pre-litigation work; (3) includes vague block-billing entries; (4) includes duplicative

---

[2] In addition to York, Alparce and Crabbe, Plaintiff also seeks payment of fees from Jeffrey Wang ("Wang") and the firm's clerical workers. Plaintiff has provided no evidence about Wang and the clerical workers in the Motion or explaining why their respective fees are reasonable. The Court addresses this below.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | | Date | October 4, 2022 |
|---|---|---|---|---|
| Title | ***Strong Trading Inc. v. Unique Designs, Inc.*** | | | |

work; and (5) fails to apportion fees between the breach-of-contract matter and Defendant's fraud counterclaim. The Court addresses each challenge in turn.

       1.    <u>Unnamed Parties Included in Plaintiff's Invoice</u>

The Court first addresses Defendant's argument that Plaintiff should not recover for hours credited to attorneys that appear in Plaintiff's Invoice, but are not named in either the Motion or York's supporting Declaration. An applicant for attorney's fees has the burden of producing satisfactory evidence that the hours expended during the case were reasonable and "should exercise billing judgment to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *K.E.B. v. Saul*, 497 F. Supp. 3d 855, 867 (C.D. Cal. 2020).

Here, Plaintiff's request for hours expended is unreasonable in part, because there is a significant amount of billed hours in the Invoice attributed to an attorney identified only as "JCW," who Plaintiff identifies on Reply as Jeffrey Wang.[3] (*See, e.g.*, Pl.'s Mot. Atty's Fees, Ex. C at 2, ECF No. 124.) Furthermore, the Invoice contains hours billed to non-attorney employees identified only as "MSV", "EDR", (eventually identified on Reply as "Eda Romero" (and hereafter, "Romero"), and "LSC," who served as counsel's legal secretary, paralegal, and law clerk respectively. (Def.'s Opp'n at 16, ECF No. 129.) Evidence or argument about these individuals were entirely absent from the initial Motion and Declaration, aside from their initials being listed in the Invoice. Plaintiff eventually gave further information regarding Wang's role in the case in its Reply, explaining that Wang was the personal attorney for one of the individual counter-defendants, and he also served as a translator. (Pl's Reply ISO Mot. at 8, ECF No. 135.) However, the Reply did not submit any further information about the non-attorneys' hourly rates and how their hours expended were reasonable. Notwithstanding the fact that Plaintiff eventually provided information about Wang, courts do not generally consider arguments raised for the first time in a reply brief. *Padilla v. City of Richmond*, 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020). Thus, Plaintiff did not meet its burden as to Wang, Romero, MSV, or LSC.

Therefore, the Court deducts the fees attributed to those four individuals—$155,195.00—from Plaintiff's requested award.[4]

---

[3] It is especially striking to the Court that Wang's hourly rate was $550.00, higher than any other of Plaintiff's attorneys in this matter, but neither the Motion nor York's Declaration establishes who Wang is or why $550.00 is a reasonable rate for him.

[4] Defendant also argues that the clerical tasks performed by Romero, MSV, and LSC are not recoverable. While Defendant may be correct, *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253 (E.D. Cal. 2019), the Court has mooted the issue by deducting all fees attributed to those individuals

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | | Date | October 4, 2022 |
|---|---|---|---|---|
| Title | ***Strong Trading Inc. v. Unique Designs, Inc.*** | | | |

    2.    *Plaintiff's Pre-Litigation Activities*

Defendant's next argument is that Plaintiff should not reasonably be able to recover time billed prior to filing the Complaint. Time spent reasonably on matters like "pre-complaint investigation, legal research, and informal discovery relevant to developing the theory of the case is properly recoverable." *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1028 (C.D. Cal. 2012). A prevailing party needs to demonstrate how their pre-litigation activities led to their success in the action itself in order to recover them as part of an award for attorney's fees. *Hogar v. Cmty. Dev. Comm'n of City of Escondido*, 157 Cal. App. 4th 1358, 1370 (2007).

According to the Invoice, much of the pre-litigation work was done by MSV, Wang, and Romero. (Pl.'s Mot. Atty's Fees, Ex. C at 1-3.) Their billed hours have been cut from the award of fees, and thus are not addressed here. However, York and Alparce also performed some of the pre-litigation work, and the Court finds that this work may be included in the fee award. For example, Alparce reviewed documents, prepared the Complaint, and contemplated viable causes of action in the case. (*Id.*) York also billed hours reviewing and revising the draft of the Complaint itself, as well as reviewing related documents. (*Id.*) These pre-litigation activities are sufficiently related to the case and were necessary to successfully litigating Plaintiff's claim.

Therefore, the Court awards Plaintiff fees for the work York and Alparce did prior to filing the Complaint. Fees that would have been awarded for work done by MSV, Wang, and Romero have already been deducted by the Court.

    3.    *Block-Billed Entries in Plaintiff's Invoice*

Defendant's next argument is that Plaintiff should not be able to recover for block-billed entries included in its Invoice. Block-billing is not objectionable *per se*. *Christian Res. Ctr. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008). But courts will reduce an award where counsel's block-billing makes it overly difficult to determine how much time was spent on specific activities. *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1010 (2013). However, where the block-billing does not obfuscate the attorney's activities, courts need not reduce the block-billed entries, because counsel is not required to specify every billable entry "in great detail." *Universal Elecs., Inc. v. Universal Rsch. Control, Inc.*, 130 F. Supp. 3d 1331, 1340 (C.D. Cal. 2015).

Here, the billing entries that Defendant complains of are simply itemized tasks that were described with the requisite specificity. Defendant points to York's inclusion of "develop[ing] strategy" as evidence of vague block-billing. (Def.'s Opp'n at 9.) However, York specified which matters counsel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | Date | October 4, 2022 |
|---|---|---|---|
| Title | *Strong Trading Inc. v. Unique Designs, Inc.* | | |

was attending to. For example, on October 1, 2021, York billed time for "[d]evelop[ing] strategy re initial disclosures, telephone conference with Unique Designs' attorney . . . ." (Pl.'s Mot. Atty's Fees, Ex. C at 21.) The Invoice also included an entry on March 31, 2022 for "develop strategy re Discovery issues." (*Id.* at 86.) The Invoice did not need to delve further into the minutiae of each entry. Furthermore, the Invoice entries did not obfuscate counsel's activities or make it more difficult for the Court to ascertain what tasks were being done. For example, on July 16, 2021, an entry was billed for "conduct[ing] an internal due diligence to review Order Schedule Conference . . . to confirm Scheduling Conference hearing set for October 25, 2021." (*Id.* at 9.) Additionally, on March 31, 2022, an entry was billed for "analyz[ing] prior Responses and Objections to Discovery to Strong Trading and Unique to prepare for Meet and Confer telephone conference." (*Id.* at 86.) These entries, as well as the others Defendant points to, are specific enough to allow the Court to understand what counsel did and what matter in the case the entries pertained to. Thus, Defendant has not made a sufficient showing that Plaintiff's block-billed hours expended were strikingly vague or unreasonable.

Therefore, the Court will not deduct any block-billed hours from the award for attorney's fees.

### 4. *Duplicative Work from Multiple Attorneys*

Defendant next argues that duplicative work done by Plaintiff's attorneys should be deducted from the award of fees. "A court may reduce the number of hours awarded where counsel performs unnecessarily duplicative work." *Harlow v. Met. Life Ins. Comp.*, 379 F. Supp. 1046, 1056 (C.D. Cal 2019). However, courts are discouraged from second-guessing a law firm's staffing decisions. *Id.* Defendant asserts that the Invoice contains various instances where counsel's firm billed hours for four attorneys[5] simultaneously, constituting unnecessarily duplicative work. (Def.'s Opp'n at 13.) The most substantially double-billed hours are: (1) the attorneys' attendance at depositions held on May 31, 2022 and June 1, 2022; and (2) the attendance at trial which took place from June 15, 2022 through June 17, 2022. (*Id.*)

On May 31, 2022, and June 1, 2022, the Invoice contains entries from York and Alparce, who strategized, prepared for, and engaged in the deposition. (Pl.'s Mot. Atty's Fees, Ex. C at 135.) Plaintiff explains that in addition to having York and Alparce (Plaintiff's two lead attorneys) present at the depositions, Crabbe also needed to be there because she was responsible for handling documents and evidence, and the trial was less than two weeks away. (Pl's Reply ISO Mot. at 8-9.) The Court would credit this argument if it were fully reflected in the Invoice. However, Crabbe's entry for the May 31

---

[5] Wang was one of the four attorneys mentioned. Because the Court has already deducted his hours, this section will only address the remaining three attorneys.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | | Date | October 4, 2022 |
|---|---|---|---|---|
| Title | ***Strong Trading Inc. v. Unique Designs, Inc.*** | | | |

deposition is simply for "attendance." (*See* Pl.'s Mot. Atty's Fees, Ex. C at 135.) This does not indicate that, at least at that deposition, Crabbe was playing a critical role. Contrast that to the remaining deposition entries, wherein York and Alparce billed for strategizing with their clients, developing strategy and participating in the deposition for both days, and Crabbe billed for "assist[ing]" and "conferenc[ing] with the Magistrate Judge" on June 1. (*Id.*) Accordingly, the Court will deduct Crabbe's deposition-related hours from May 31 but leave the remaining requested deposition hours undisturbed.

As to the trial, Defendant argues that York and Alparce handled the entire trial, while Crabbe "asked no questions, made no objections, and did not otherwise speak at the trial." (Def.'s Opp'n at 14.) Plaintiff counters that, while York and Alparce may have been the most active attorneys at trial, Crabbe's presence was not merely duplicative. Rather, she served as critical document and evidence support during the course of the proceedings, in addition to preparing jury instructions and helping with closing statement and witness testimony. (*See* Pl.'s Reply ISO Mot. at 8.) While some of this work is indeed reflected in the Invoice, (*see* Pl.'s Mot. Atty's Fees, Ex. C at 160), much of Crabbe's billing is merely described as, "[a]ttend . . . Jury Trial." (*Id.*) For the same reasons as discussed above, the Court does not find it reasonable to bill for mere attendance. Accordingly, the Court will award the hours Crabbe billed during the trial that reflect completed work but will not award for attendance.

For these reasons, the Court will deduct $14,850.00 from the hours billed by Crabbe that are described as mere attendance at either a deposition or at trial.

### 5. *Allocation of Attorney's Fees Between Legal Issues*

Defendant's final argument is that the fees related to the breach-of-contract matter and the fraud matter should have been separately apportioned, and therefore the Court should deduct the fees incurred solely while litigating the latter issues from Plaintiff's award. "When a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees . . . only as they relate to the contract action." *Erickson v. R.E.M. Concepts, Inc.*, 126 Cal. App. 4th 1073, 1083 (2005). However, if an attorney fee provision in a contract is phrased broadly enough, it may support an award to the prevailing party in an action involving both contract and tort claims. *Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1277 (2007). Furthermore, a prevailing party can recover contractual attorney's fees for defending against a noncontractual counterclaim if it is necessary to succeed on the contractual claim. *See Siligo v. Castellucci*, 21 Cal. App. 4th 873, 879 (1994) (finding the trial court erred in apportioning fees between a defensive fraud claim and affirmative contract claim).

As an initial matter, Plaintiff needed to defeat Defendant's fraud counterclaim in order to succeed on its breach-of-contract claim. Thus, for that reason alone, it could recover fees without

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04206-RGK-PVC | Date | October 4, 2022 |
|---|---|---|---|
| Title | *Strong Trading Inc. v. Unique Designs, Inc.* | | |

apportionment. In addition, the language in the attorney's fees provision states that "if a lawsuit or prejudgment Attachment proceeding is instituted by our attorneys, BUYER agrees to pay actual attorney's fees incurred." (Compl., Ex. A at 9.) By only referring to a "lawsuit" and not specifying which kind of legal dispute is covered, the provision for attorney's fees reasonably covers the Defendant's fraud counterclaim, as it relates to the execution of the contract. *See Cruz*, 155 Cal. App. 4th. at 1277. (finding language "if civil action is instituted *in connection with* this Agreement" to be broad enough to cover related matters outside of the contract itself). Defendant bases its fraud claim on the fact that Plaintiff had not delivered what was ordered in the contract. Thus, the nucleus of operative facts giving rise to both the breach-of-contract claim and the fraud claim are one in the same: the execution of the contract.

Therefore, the attorney's fees should not have been apportioned here, as the provision covers both the contract and the fraud claims.

### V.    CONCLUSION

Based on the above discussion, the Court **GRANTS in part** Plaintiff's Motion for Attorney's Fees and **AWARDS** $431,780.00 in attorneys' fees.

**IT IS SO ORDERED.**

|   | : |   |
|---|---|---|
| Initials of Preparer | jre/a |   |